**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MADELEINE GRIMMER | : | |
| 2007 West Belmont Avenue, Unit 3E | | |
| Chicago, Illinois 60618 | : | |
| | | |
| Plaintiff, | : | CASE NO. 2:26-cv-284 |
| | | |
| v. | : | JUDGE |
| | | |
| SIMPSON STRONG-TIE COMPANY, INC | : | MAGISTRATE JUDGE |
| 2600 International Street | : | |
| Columbus, Ohio 43228 | | |
| | : | |
| Defendant. | | |

**PLAINTIFF MADELEINE GRIMMER'S COMPLAINT**
**(w/ Jury Demand)**

NOW COMES Plaintiff Madeleine Grimmer and hereby proffers this Complaint for

damages against Defendant Simpson Strong-Tie Company, Inc.

**PARTIES**

1. Plaintiff is a natural person residing in Chicago, Illinois.

2. Defendant is a foreign corporation with offices in Franklin County, Ohio, to which

Plaintiff reported.

**JURISDICTION AND VENUE**

3. All counts are brought pursuant to the laws of Ohio, with this Court having jurisdiction

pursuant to 28 U.S.C. § 1332 as Plaintiff and Defendant are residents of different states and

the amount in controversy exceeds $75,000.00.

4. Venue is proper due to the fact that the Defendant has a workplace in Franklin County, Ohio, to which Plaintiff reported and at which the adverse events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff worked at multiple positions for Defendant from August 2017, until October 3, 2025, finishing as a CFS Senior Product Specialist.

6. On November 2, 2023, Plaintiff was the victim of an attempted sexual assault by a male co-worker in which she was subject to unwanted touching and physical pursuit while staying at a hotel business conference, as well as numerous highly inappropriate texts and voicemails to her work phone.

7. Plaintiff quickly reported the November 2, 2023, incident to Defendant, which led to the discharge of the perpetrator approximately one week later.

8. From the time she reported the attempted assault until the she was discharged from employment by Defendant her co-workers and management changed their attitude towards her, treating her with disdain and suspicion. Senior management of Defendant called her promiscuous and a danger to the job status and marriages of co-workers. Plaintiff was treated very badly at some in-person meetings with management and co-workers. In one incident the former co-worker who had tried to assault her was invited by the co-worker who had taken his place to be a "plus one" at a company golf outing after he had been discharged.

9. One of Plaintiff's co-workers was told by a senior Vice President to mentor Plaintiff to "shut up" about the sexual assault incident, and that Plaintiff was lucky she had come to her because had she gone to the Senior VP the perpetrator would have likely been simply given a slap on the wrist and kept employed.

10.     Plaintiff was promoted to CFS Senior Product Specialist on July 1, 2025, which was the third promotion she had earned in her nearly 8 years of employment with Defendant.

11.     On October 3, 2025, Plaintiff was told by Defendant that her position had been eliminated and she was discharged without any warning or discipline.  This was immediately after being passed over for a more senior position for someone without the professional qualifications she possessed and which were common to the position and other similar positions at Defendant.

12.     Plaintiff asserts that the poisoned work atmosphere and relationships, coupled with management's disdain for her reporting the attempted sexual assault eventually led to her being discharged without warning even after earning multiple promotions in a short time and being a top performer in the company.

13.     Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunities Commission on or about November 10, 2025, citing allegations of sex discrimination, and retaliation for having complained about that type of discrimination.

14.     On February 12, 2026, the OCRC issued a right to sue notice to Plaintiff regarding her November 10, 2025, Charge of Discrimination.

## COUNT I
### DISCRIMINATION ON THE BASIS OF SEX AND RETALIATION
### ORC § 4112.01, et seq.

15.     Plaintiff reincorporates the allegations contained in the paragraphs above as if fully rewritten here.

16.     Plaintiff was an "employee" as that is defined by ORC § 4112.01(3).

17.     Defendant was an "employer" as that is defined by ORC § 4112.01(2).

3

18.     Plaintiff was discriminated against on the basis of her sex, female, in violation of ORC § 4112.02(A).

19.     Plaintiff was also retaliated against for reporting unlawful sexual harassment in violation of ORC § 4112.02(I).

20.     Defendant's discrimination regarding Plaintiff's race entitles Plaintiff, pursuant to ORC § 4112.052, to monetary damages including lost pay and benefits, compensatory damages for pain and suffering, and attorney fees and costs in an amount to be determined at trial, but in any event at least $250,000.00, as well as the equitable remedy of reinstatement and/or front pay.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, compensatory damages, and attorney fees and costs, in an amount to be determined at trial, but in any event more than $250,000.00, as well as the equitable remedy of reinstatement and/or front pay;

## JURY DEMAND

Plaintiff demands that a jury decide all claims in this Complaint.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881

4